479 So.2d 955 (1985)
Walt KING, Plaintiff-Appellant,
v.
CONTROL SYSTEMATOLOGISTS, INC., Defendant-Appellee.
No. 84-861.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
Writ Denied February 26, 1986.
Murphy J. Foster, III, of Breazeale, Sachse & Wilson, Baton Rouge, for plaintiff-appellant.
Charles E. Soileau, Rayne, for defendant-appellee.
Before DOMENGEAUX, STOKER and KNOLL, JJ.
STOKER, Judge.
The plaintiff in this case appeals the dismissal of his suit on a motion for summary judgment. The suit is based on a written contract of employment.[1] The contract provided that plaintiff's employment by the defendant corporation (appellee) was for a period of one year, the year 1983. (Paragraph 1.) The defendant discharged plaintiff on March 31, 1983 without cause.
The trial court held that defendant was authorized to discharge plaintiff on the basis of the concluding paragraph of the contract *956 (Paragraph 7) which reads in pertinent part: "Appearers agree that all salary and other income shall cease immediately upon termination of employment for any reason." The trial court held that the language in Paragraph 7 is clear and unambigious. The trial court held further: "That paragraph means that either party to the contract may terminate it for any reason." (See the trial court's written reasons attached as Appendix I.)
We agree that the paragraph is clear and unambiguous. However, we disagree with the trial court's conclusion as to what it means. It does not mean that either party may terminate the employment for any reason. It means, rather, that if for any valid and legal reason the contract is terminated, salary and other income shall cease immediately. Paragraph 7 does not authorize termination by either party. It purports only to provide for the contingency of a valid termination for whatever reason. The reason, however, would have to be legal and valid. Paragraph 7 does not authorize termination "for any reason" at any time at the whim of a party.
For the foregoing reasons, the judgment of the trial court dismissing plaintiff's action on a motion for summary judgment is reversed and set aside. This case is remanded to the trial court for further proceedings consistent with the views expressed herein. The costs of the appeal are assessed to defendant-appellee.
REVERSED AND REMANDED.

APPENDIX I

15TH JUDICIAL DISTRICT COURT

PARISH OF LAFAYETTE

STATE OF LOUISIANA

No. 84-1355-J

REASONS FOR JUDGMENT
This matter was heard on August 6, 1984 on a motion for summary judgment filed by defendant, Control Systematologists, Inc.
PRESENT: MR. CHARLES E. SOILEAU, attorney for defendant, CONTROL SYSTEMATOLOGISTS, INC., and
MR. MURPHY J. FOSTER, III, attorney for plaintiff, WALT KING.
For purposes of the motion for summary judgment filed by defendant the facts are not disputed.
On or about January 1, 1983, plaintiff and defendant entered into a written employment contract prepared by defendant or its attorney which provided:
"For and in consideration of WALT KING (hereinafter referred to as "KING") agreeing to be employed by CONTROL SYSTEMATOLOGISTS, INC. (hereinafter referred to as "CSI") and in consideration of CSI offering said employment to KING, CSI and KING agree to the following terms and conditions:
1. The term of this agreement is for a period of one (1) year commencing on January 1, 1983 and ending on December 31, 1983.
2. CSI shall pay KING a salary of Two thousand three hundred thirty-three and 33/100 ($2,333.33) Dollars per month, during the term of the contract.
3. CSI shall pay KING office rent at the rate of of One hundred and No/100 ($100.00) Dollars a month, for the term of this contract.
4. CSI shall provide insurance coverage to KING for the following: Twenty thousand and No/100 ($20,000.00) Dollars Life Insurance, Long Term Disability Insurance and Group Health Insurance.
5. CSI shall provide Dental and Health Insurance for dependents of KING and Dental Insurance for King the cost of which will be deducted from commissions at year end.
6. CSI will reimburse KING for all reasonable selling expenses to include home use of telephone for long distance calls.
7. In addition to the above CSI will pay KING sales commissions quarterly *957 on those customers assigned him based upon the following schedule:

 PERCENT ANNUAL
COMMISSION SALES VOLUME 
 0% $ 500,000.00
 .5% $ 3,000,000.00
 .7% above $ 3,000,000.00
 5% on all Questor and Hydrill
 Instrumentation sales

Appearers agree that all salary and other income shall cease immediately upon termination of employment for any reason."
On March 31, 1983, plaintiff was discharged by defendant without just cause. Subsequently, plaintiff filed this suit against defendant alleging that he had been wrongfully discharged and praying for damages, penalties and attorney's fees.
Defendant answered the petition and then filed a motion for summary judgment on the ground that the discharge of plaintiff under the terms of the contract did not require that it do so for good cause.
At issue is an alleged conflict between paragraphs 1 and 7 of the contract. Plaintiff argues that the contract of employment was for a definite period of time (one year), as stated in paragraph 1, and therefore, under Civil Code Article 2747, he could not be discharged without good cause. He further argues that the language in paragraph 7 of the contract is ambiguous and therefore should be construed against defendant, who prepared the contract.
Parties to a contract are free to agree to any terms which are not against public policy or other provisions of the law. See Becnel v. Ashton Plantation Co., 105 La. 677, 30 So. 152 (1901). The Court finds that the language in paragraph 7 is clear and unambiguous. That paragraph means that either party to the contract may terminate it for any reason.
In view of the above, the motion for summary judgment is granted dismissing the suit of plaintiff at his costs.
Judgment Rendered on August 14, 1984, in Chambers, at Crowley, Louisiana.
 /S/ Don Aaron, Jr.
 DISTRICT JUDGE
NOTES
[1] The provisions of the contract of employment with which this case is concerned are contained in the written reasons for judgment of the trial court which are included as Appendix I to this opinion.